1  Larry D. Simons CLS-B (CA Bar No. 179239)
   larry@lsimonslaw.com
2  **LAW OFFICES OF LARRY D. SIMONS**
   225 South Lake Avenue, Suite 300
3  Pasadena, California 91101
   Telephone: 626.432.5406
4  Facsimile: 626.389.5607

5  (Proposed) Attorney for David R. Hagen, Chapter 7 Trustee

6

7

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

10

11 | In re                          | Case No. 1:09-bk-20185 MT
12 | DANA RAE JOHNSON,              | Chapter 7
13 |      Debtor.                   | **NOTICE OF AND MOTION FOR TURNOVER OF ESTATE PROPERTY HELD BY DEBTOR PURSUANT TO 11 USC §542(a) AND (e); MEMORANDUM OF POINTS AND AUTHORITES; DECLARATION OF LARRY D. SIMONS IN SUPPORT THEREOF**
14
15
16
17 |                                | DATE: August 25, 2010
18 |                                | TIME: 10:00 a.m.
   |                                | PLACE: Ctrm 302
19 |                                | United States Bankruptcy Court
   |                                | 21041 Burbank Boulevard
20 |                                | Woodland Hills, CA 91367

21 **TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRKUPTCY**

22 **JUDGE, THE DEBTOR, HIS COUNSEL OF RECORD AND ALL CREDITORS:**

23         **PLEASE TAKE NOTICE THAT** David R. Hagen, the duly appointed, qualified

24 and acting Chapter 7 Trustee (the "Trustee") for the estate of Dana Rae Johnson (the "Debtor") will

25 move the court for an order compelling the Debtor to turnover (1) the income stream received from

26 a promissory note and (2) an accounting of the monies received from a promissory note held by the

27 Debtor (the "Motion"). The Motion is brought pursuant to 11 U.S.C. §542 (a) and (e).

28

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Local Bankruptcy Rule 9013-1(a)(7), any formal response in opposition to the Objections must be filed with the Clerk of the United States Bankruptcy Court, located at 21041 Burbank Boulevard, Woodland Hills, California 91367, and served upon the Trustee's proposed counsel no later than fourteen (14) days before the hearing date and time stated above.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Local Bankruptcy Rule 9013-1(a)(11), the failure to timely file and serve an opposition to the Objections may be deemed as your consent to the relief requested therein.

Dated: 7/23/10

**LAW OFFICES OF LARRY D. SIMONS**

_____
Larry D. Simons
(Proposed) Attorney for David R. Hagen, Chapter 7 Trustee

Law Offices of Larry D. Simons
225 South Lake Avenue, Suite 300
Pasadena, California 91101
TEL. 626.432.5406 • FAX 626.389.5607

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

The Debtor filed a voluntary Chapter 7 petition on August 10, 2009 (the "Petition Date"). Hagen was appointed the Chapter 7 Trustee and conducted an examination of the Debtor pursuant to Section 341 of the Code. Based upon his examination, Hagen sought to administer a receivable held by the Debtor relating to her sale of a business prepetition (the "Note"). The relevant terms of the Note state that the Debtor is to receive $1,438.00 per month for thirty (30) years, or $517,680.00 over the life of the Note.

Based upon Hagen's intent to administer the Note, the Debtor converted her case to Chapter 13 by order of the Court on November 10, 2009. Hagen objected to the Debtor's Chapter 13 Plan which was filed on February 26, 2010 (the "Plan"). Based upon Hagen's objection to the Plan, the Court ordered the case reconverted to Chapter 7 in order to allow Hagen to administer the Note. An order reconverting the case was entered on June 4, 2010 (the "Conversion Order").

## II. THE COURT MAY ORDER THE DEBTOR TO TURNOVER THE MONIES FROM THE NOTE AND PROVIDE AN ACCOUNTING TO THE TRUSTEE

This Court has the power to order the turnover of the monies from the Note and to compel the Debtor to provide an accounting of monies she has received since the Petition Date. Under the Bankruptcy Code,

> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. §542 (a).

See also, In re Doughman, 263 B.R. 905 (Bankr. D. Kan. 1999) (balance in debtors' checking account on date they filed for chapter 7 relief was included in "property of the estate" which had to be turned over to the trustee).

Law Offices of Larry D. Simons
225 South Lake Avenue, Suite 300
Pasadena, California 91101
TEL 626.432.5406 • FAX 626.389.5607

A debtor's duties are set forth under 11 U.S.C. § 521. Section 521(4) provides that "[t]he Debtor shall [,] if a trustee is serving in the case, surrender to the trustee all property of the estate...." 11 U.S.C. § 521(4); See, In the Matter Russell, 34 B.R. 49, 51 (Bankr. M.D. Fla. 1983) (holding that section 521 requires that the debtor surrender all property of the state to the trustee). See also, In re Gary J. MacDonald, 114 B.R. 326, 33 (Bankr. D. Mass. 1990) (Under federal bankruptcy law, any property of the debtor's estate which "the trustee may use, sell, or lease" pursuant to 11 U.S.C. § 363 must be turned over to the trustee by any entity "in possession, custody or control" of such property. 11 U.S.C. § 542 (a)...[P]roperty of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case.").

Under § 542(e), the bankruptcy court may order turnover of information in hands of attorneys when information is necessary to administration of estate. Matter of Matassini, 90 B.R. 508 (Bankr. MD Fla. 1988).

Pursuant to the Conversion Order and the Debtor's claimed exemption, the Debtor is entitled to the first $19,140 of funds received from the Note since the Petition Date. Any additional funds from the Note are to be turned over to the Trustee. The Trustee is entitled to an accounting from the Debtor supported by competent evidence detailing all monies received from the Note. The Trustee is also entitled to any and all records regarding the Note so the Trustee can contact the appropriate parties in order to administer the Note on behalf of the estate.

As of the date of this Motion, the Trustee has not been provided any information regarding the amount of monies the Debtor has received under the Note. The Code requires the Debtor to cooperate with the Trustee and to provide an accounting.

### III. CONCLUSION

For the reasons stated herein, the Trustee requests that the Court enter an order turning over the income stream from the Note to the Trustee and compelling the Debtor to provide an accounting of the monies she has received since the Petition Date under the Note, and for such and for such other and further relief as the Court deems just and proper.

Dated: 7/23/10

LAW OFFICES OF LARRY D. SIMONS

_____
Larry D. Simons
(Proposed) Attorneys for David R. Hagen, Chapter 7 Trustee

# DECLARATION OF LARRY D. SIMONS

I, Larry D. Simons, declare:

1. I am an attorney at law, and am a member of the State Bar of California. I am the principal of the Law Offices of Larry D. Simons (the "Firm"), whose business address is 225 South Lake Avenue, Suite 300, Pasadena, California 91101. The Firm's office phone number is 626.432.5406 and facsimile number is 626.389.5607. I am authorized to make this declaration on behalf of the Firm.

2. I make this declaration in support of the Trustee's Motion for Turnover. I have personal knowledge of the facts contained herein or base these statements upon my information and belief and if called as a witness I could and would testify competently thereto.

3. The Firm's employment application to represent him as general counsel in the Debtor's bankruptcy case is pending.

4. At the Trustee's request, I filed an objection to the Debtor's proposed Chapter 13 plan based upon the income stream she claimed to be receiving from the Note.

5. At a regularly scheduled confirmation hearing, the Court ordered the case reconverted to Chapter 7 so the Trustee could administer the Note. An order reconverting the case was entered June 4, 2010 (the "Conversion Order").

6. The Conversion Order stated that the Debtor was to receive the first $19,140 of income from the Note.

7. As of today's date, neither the Trustee nor myself is aware of the dollar amount that the Debtor has received from the Note since the Petition Date.

I declare under the laws of theUnited States of America that the foregoing is true and correct.

Executed July 23, 2010 at Pasadena, California

_____
Larry D. Simons

| In re: | CHAPTER 7 |
|---|---|
| DANA RAE JOHNSON<br>Debtor(s). | CASE NUMBER 1:09-bk-20185 MT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

225 South Lake Avenue, Suite 300, Pasadena, CA 91101

The foregoing document described **NOTICE OF AND MOTION FOR TURNOVER OF ESTATE PROPERTY HELD BY DEBTOR PURSUANT TO 11 USC §542(a) AND (e); MEMORANDUM OF POINTS AND AUTHORITES; DECLARATION OF LARRY D. SIMONS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **7/23/10** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**David R. Hagen, Trustee: drh@forbankruptcy.com**
**OUST-SFV: ustpregion16.wh.ecf@usdoj.gov**

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On __7/23/10 via US Mail__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

XX Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/23/10 | Larry D. Simons | /s/ Larry D. Simons |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

# SERVICE LIST
*In re Dana Rae Johnson, SV 09-20185 MT*

**Debtor's Counsel**
Steven J. Shapero, Esq.
Shapero Shapero and Hurst
5950 Canoga Avenue #404
Woodland Hills, CA 91367-5060

**Judge's Copy**
Hon. Maureen Tighe
United States Bankruptcy Court
21041 Burbank Blvd. Suite 325
Woodland Hills, CA 91367